**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMY TRAHAN and SHANNON TRAHAN,
individually and as parents, guardians, and
next friends of S.C.T. and A.M.T.,
and Amanda Trahan,

      Plaintiffs,

vs.                                           Case No. 3:13-cv-350-J-34MCR

SANDOZ, INC.,

      Defendant,

_____

## ORDER

This case is before the court on Defendant Sandoz Inc.'s ("Sandoz") Dispositive Motion To Dismiss For Failure To State A Claim And Incorporated Memorandum Of Law. (Doc. 16; Motion).[1] Plaintiffs have filed a memorandum in opposition to the Motion. (Doc. 21; Response). Sandoz, with leave of Court, submitted a reply memorandum. (Doc. 27; Reply). In the Response, Plaintiffs "move" for leave to amend their Complaint, and refer to a proposed amended complaint attached as "Exhibit A" to the Response. Response at 5-6.[2] Sandoz opposes the proposed amended complaint, arguing that Plaintiffs failed to cure any defects in its Complaint by amending it as of right within 21 days after service of the Motion, pursuant to Rule 15(a)(1)(B), Federal Rules of Civil Procedure (Rule(s)), and that any

---

[1] Defendant Novartis Pharmaceuticals Corporation ("Novartis") originally joined in the Motion. However, on July 1, 2013, Plaintiffs filed a Notice of Voluntary Dismissal without prejudice of Novartis, (Doc. 20), and the Court entered an Order on July 3, 2013 dismissing Plaintiffs' clams against Novartis without prejudice, and directing that the Clerk of the Court terminate Novartis from the Court docket. (Doc. 22; 07/03/13 Order). As such, the pending Motion to Dismiss is pursued only by Sandoz.

[2] Plaintiffs neglected to attach the proposed amended complaint as "Exhibit A" to the Response, and at the Court's request, have filed "Exhibit A" as a separate docket entry. (See Docs. 46, 48).

amendment "would be futile because all of [Plaintiffs'] claims would still be preempted . . . ." Reply at 9.

The Court has reviewed Plaintiffs' proposed amended complaint, in which Plaintiffs have narrowed and clarified their claims against Sandoz.. (See Doc. 48 at 4; Proposed Amended Complaint). While Plaintiffs have not followed the proper procedure for seeking leave to file an amended complaint,[3] the Court, in its discretion, will consider whether to grant Plaintiffs leave to amend their Complaint.

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend a pleading] when justice so requires." While such leave is not an automatic right, see Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008); Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002), the "decision whether to grant leave to amend is within the sound discretion of the trial court." Jameson v. Arrow Co., 75 F.3d 1528, 1534 (11th Cir. 1996). Here, upon consideration of the interests of justice and given the procedural posture of this case, the Court in its discretion will permit Plaintiffs to file the Proposed Amended Complaint as their first amended complaint in this action. As the Proposed Amended Complaint attached to the Response is unsigned, the Court will direct Plaintiffs' counsel to promptly file a signed copy of the Proposed Amended Complaint, which is attached as "Exhibit A" to the Response, as Plaintiffs' amended complaint. In light of the Court's determination that Plaintiffs should be permitted to file their Proposed Amended Complaint, the Court notes that the filing of the amended complaint will render moot the

---

[3] See Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009)("'Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (citation omitted)).

pending Motion to Dismiss which is directed to the original Complaint. See <u>Malowney v. Federal Collection Deposit Group</u>, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)(noting that "[a]n amended complaint supersedes an original complaint"); <u>Meterlogic, Inc. v. Copier Solutions, Inc.</u>, 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (finding that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and <u>Daubert</u> motions").  In light of the foregoing, it is hereby

**ORDERED**:

1.Plaintiffs are directed to file a <u>signed</u> copy of "Exhibit A," the Proposed Amended Complaint (Doc. 48 at 4), as their Amended Complaint, making no other changes to "Exhibit A," on or before **March 7, 2014**.

2.Defendant shall respond to the Amended Complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

3.Defendant Sandoz Inc.'s Dispositive Motion To Dismiss For Failure To State A Claim And Incorporated Memorandum Of Law (Doc. 16) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of February, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:
Counsel of Record