UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

AMY TRAHAN and SHANNON
TRAHAN, individually and as
parents, guardians, and next friends
of S.C.T. and A.M.T., and
AMANDA TRAHAN,

    Plaintiffs,

v.                                                                          CASE NO.: 3:13-CV-350-MMH-MCR

SANDOZ INC., a Foreign Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

The Plaintiffs, Amy and Shannon Trahan, individually and as parents, guardians, and next friends of S.C.T. and A.M.T., and Amanda Trahan, through their undersigned attorneys, sue the Defendant, Sandoz, Inc., a foreign profit corporation, and allege:

### JURISDICTION, VENUE, AND APPLICABLE LAW

1. This is an action for more than $75,000.00 in damages, exclusive of fees, costs, and interest.

2. At all material times, the Plaintiffs, Amy Trahan, Shannon Trahan, S.C.T., A.M.T., and Amanda Trahan were residents of Jacksonville, Duval County, Florida.

3. At all material times, the Defendant, Sandoz, was incorporated in the State of Colorado, with its principal place of business in Princeton, Mercer County, New

Jersey.

4. At all material times, Sandoz operated, conducted, engaged in, and/or carried on a business or business venture in Florida or had an office or agency in Florida.

5. Alternatively, Sandoz committed a tortious act in Florida.

6. Alternatively, Sandoz, by acts or omissions occurring outside Florida, caused injuries to the Plaintiffs in Florida, and:

    a. Sandoz was engaged in solicitation or service activities within Florida; or

    b. the products, materials, or things processed, serviced, or manufactured by Sandoz outside of Florida, were used or consumed within Florida in the ordinary course of commerce, trade, or use.

7. Alternatively, Sandoz was engaged in substantial and not isolated activity within Florida.

8. Because the incident forming the basis of the Plaintiffs' claims occurred in Jacksonville, Duval County, Florida, venue is proper in the Middle District of Florida, Jacksonville Division.

9. Additionally, because the incident forming the basis of the Plaintiffs' claims occurred in Jacksonville, Duval County, Florida, the substantive laws of the State of Florida will apply.

## GENERAL ALLEGATIONS

10. On July 18, 2010, Amy Trahan arrived at Baptist Medical Center in Jacksonville Beach, Duval County, Florida.

11. On July 21, 2010, Amy Trahan was transferred to the downtown campus of Baptist Medical Center in Jacksonville, Duval County, Florida, and was diagnosed with choriocarcinoma.

12. The treatment of Amy Trahan's choriocarcinoma required the administration of a drug called methotrexate.

13. At all material times, Sandoz:
    a. designed;
    b. manufactured;
    c. marketed;
    d. promoted;
    e. sold;
    f. supplied; and/or
    g. distributed

    its generic Methotrexate Product.

14. Sandoz's Methotrexate Product included, among other things, the actual methotrexate, warning labels, and the container for the methotrexate.

15. Although federal law required Sandoz to copy a brand-name manufacturer's methotrexate formula and warning labels, Sandoz was free to choose the type of container for its Methotrexate Product.

16. Sandoz chose to place the methotrexate in its Methotrexate Product into glass vials.

17. Unbeknownst to Amy and Shannon Trahan, the methotrexate in Sandoz's Methotrexate Product that was administered to Amy Trahan on or about July 31, 2010 contained delaminated glass.

18. Glass delamination occurs when small pieces of glass from the vials in which a drug is contained separate from the vials and mix with the drug.

19. As a result of the intravenous injections of methotrexate containing small pieces of glass, Amy Trahan suffered serious injuries, including multiple lung collapses and several strokes.

### COUNT I
(Strict liability against Sandoz)

20. Amy Trahan, under Rule 10, realleges paragraphs one through nineteen as though fully pled in Count I.

21. The Defendant, Sandoz,:
    a. designed its Methotrexate Product;
    b. manufactured its Methotrexate Product;
    c. marketed its Methotrexate Product;
    d. promoted its Methotrexate Product;
    e. sold its Methotrexate Product;
    f. supplied its Methotrexate Product; and/or
    g. distributed its Methotrexate Product.

22. Sandoz's Methotrexate Product was defectively designed and/or manufactured and was unreasonably dangerous because it contained small pieces of glass.

23. Sandoz's Methotrexate Product contained the small pieces of glass when it was in Sandoz's possession, the small pieces of glass were in Sandoz's Methotrexate Product when Sandoz sold, supplied, distributed, or otherwise provided its Methotrexate Product to Baptist Medical Center, and those small pieces of glass were in the methotrexate when the methotrexate from Sandoz's Methotrexate Product was injected intravenously into Amy Trahan's body.

24. Alternatively, Sandoz's Methotrexate Product was defectively designed and/or manufactured and was unreasonably dangerous because Sandoz's Methotrexate Product had a known and foreseeable propensity to develop delaminated glass.

25. While in Sandoz's possession, Sandoz's Methotrexate Product had a known and foreseeable propensity to develop delaminated glass, and that propensity materialized before the methotrexate from Sandoz's Methotrexate Product was injected intravenously into Amy Trahan's body.

26. The methotrexate injected intravenously into Amy Trahan's body – methotrexate from Sandoz's Methotrexate Product – contained the small pieces of glass and, when injected, caused Amy Trahan's injuries.

27. Sandoz's Methotrexate Product was being used as intended at the time of Amy Trahan's injury.

28. Sandoz knew, or in the exercise of reasonable care should have known, that its defectively designed and/or manufactured and unreasonably dangerous Methotrexate Product could cause injuries to foreseeable users of the Product,

including Amy Trahan.

29. As a direct and proximate result of Sandoz's marketing, promotion, sale, supply, and/or distribution of its defectively designed and/or manufactured and unreasonably dangerous Methotrexate Product, Amy Trahan suffered bodily injury, possible aggravation of a pre-existing condition, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, including care and treatment provided by her husband, loss of earnings and lost future earning capacity, and experienced pain and suffering. Amy Trahan's injuries and pain and suffering are permanent within a reasonable degree of medical probability and will continue into the future.

WHEREFORE, the Plaintiff, Amy Trahan, demands judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT II
(Negligence against Sandoz)

30. Amy Trahan, under Rule 10, realleges paragraphs one through nineteen as though fully pled in Count II.

31. The Defendant, Sandoz,:

   a. designed its Methotrexate Product;

   b. manufactured its Methotrexate Product;

    c.      marketed its Methotrexate Product;

    d.      promoted its Methotrexate Product;

    e.      sold its Methotrexate Product;

    f.      supplied its Methotrexate Product; and/or

    g.      distributed its Methotrexate Product.

32. Sandoz, as the designer, manufacturer, marketer, promoter, seller, supplier, and/or distributor of its Methotrexate Product, owed a duty to consumers, including Amy Trahan, to exercise reasonable care in the design, manufacture, marketing, promotion, sale, supply, and/or distribution of its Methotrexate Product to protect Amy Trahan from the unreasonable risk of injury or damage resulting from the foreseeable use of its Methotrexate Product.

33. Sandoz breached its duty to Amy Trahan by:

    a.      failing to properly design its Methotrexate Product to prevent or reduce the possibility of glass delamination in the Methotrexate Product;

    b.      failing to properly manufacture its Methotrexate Product to prevent or reduce the possibility of glass delamination in the Methotrexate Product;

    c.      failing to adequately inspect its Methotrexate Product for small pieces of glass or for the possibility of glass delamination;

    d.      failing to adequately test its Methotrexate Product for small pieces of glass or for the possibility of glass delamination; and/or

    e.      failing to conduct adequate post-distribution testing for small pieces of

       glass or for the possibility of glass delamination.

34. Sandoz's breach of duty caused Amy Trahan's injuries.

35. Specifically, the methotrexate injected intravenously into Amy Trahan's body – methotrexate from Sandoz's Methotrexate Product – contained the small pieces of glass and, when injected, caused Amy Trahan's injuries.

36. Sandoz's Methotrexate Product was being used as intended at the time of Amy Trahan's injury.

37. Sandoz knew, or in the exercise of reasonable care should have known, its breach of duty could cause injuries to foreseeable users of its Methotrexate Product, including Amy Trahan.

38. As a direct and proximate result of Sandoz's negligence, Amy Trahan suffered bodily injury, possible aggravation of a pre-existing condition, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, including care and treatment provided by her husband, loss of earnings and lost future earning capacity, and experienced pain and suffering. Amy Trahan's injuries and pain and suffering are permanent within a reasonable degree of medical probability and will continue into the future.

    WHEREFORE, the Plaintiff, Amy Trahan, demands judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court

deems just and proper.

## COUNT III
(Shannon Trahan's loss of consortium against Sandoz)

39. Shannon Trahan, under Rule 10, realleges paragraphs twenty through thirty-eight as though fully pled in Count III.

40. At all material times, Shannon Trahan was the lawful husband of and resided with Amy Trahan.

41. As a direct and proximate result of Sandoz's: a) marketing, promotion, sale, supply, and/or distribution of a defectively designed and/or manufactured and unreasonably dangerous product; and/or b) negligence, Shannon Trahan has lost the care, comfort, companionship, cooperation, aid, affection, and consortium of Amy Trahan, and will suffer these losses in the future.

WHEREFORE, the Plaintiff, Shannon Trahan, demands judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT IV
(S.C.T.'s loss of parental consortium claim against Sandoz)

42. Amy and Shannon Trahan, as parents, guardians, and next friends of S.C.T. and under Rule 10, reallege paragraphs twenty through thirty-eight as though fully pled in Count IV.

43. Amy Trahan is the natural parent of S.C.T., a minor and an unmarried

dependent.

44. Sandoz's:

   a. marketing, promotion, sale, supply, and/or distribution of a defectively designed and/or manufactured and unreasonably dangerous product;

   b. negligence

   caused significant permanent injury to Amy Trahan.

45. Amy Trahan's significant permanent injury, caused by Sandoz's conduct, resulted in Amy Trahan's permanent total disability.

46. Sandoz's conduct and the resulting significant permanent injury and permanent total disability caused S.C.T.'s permanent loss of Amy Trahan's services, comfort, companionship, and society.

WHEREFORE, the Plaintiffs, Amy and Shannon Trahan, as parents, guardians, and next friends of S.C.T., demand judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT V
(A.M.T.'s loss of parental consortium claim against Sandoz)

47. Amy and Shannon Trahan, as parents, guardians, and next friends of A.M.T. and under Rule 10, reallege paragraphs twenty through thirty-eight as though fully pled in Count V.

48. Amy Trahan is the natural parent of A.M.T., a minor and an unmarried dependent.

49. Sandoz's:

    a. marketing, promotion, sale, supply, and/or distribution of a defectively designed and/or manufactured and unreasonably dangerous product;

    b. failure to warn; and/or

    c. negligence

    caused significant permanent injury to Amy Trahan.

50. Amy Trahan's significant permanent injury, caused by Sandoz's conduct, resulted in Amy Trahan's permanent total disability.

51. Sandoz's conduct and the resulting significant permanent injury and permanent total disability caused A.M.T.'s permanent loss of Amy Trahan's services, comfort, companionship, and society.

    WHEREFORE, the Plaintiffs, Amy and Shannon Trahan, as parents, guardians, and next friends of A.M.T., demand judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT XI
(Amanda Trahan's loss of parental consortium claim against Sandoz)

52. Amanda Trahan, under Rule 10, realleges paragraphs twenty through thirty-eight as though fully pled in Count XI.

53. Amy Trahan is the natural parent of Amanda Trahan, an unmarried dependent.

54. Sandoz's:

    a. marketing, promotion, sale, supply, and/or distribution of a defectively

    designed and/or manufactured and unreasonably dangerous product;

 b. failure to warn; and/or

 c. negligence

caused significant permanent injury to Amy Trahan.

55. Amy Trahan's significant permanent injury, caused by Sandoz's conduct, resulted in Amy Trahan's permanent total disability.

56. Sandoz's conduct and the resulting significant permanent injury and permanent total disability caused Amanda Trahan's permanent loss of Amy Trahan's services, comfort, companionship, and society.

  WHEREFORE, the Plaintiff, Amanda Trahan, demands judgment against the Defendant, Sandoz, for damages in an amount in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

  DATED this 25 day of February, 2014

        COKER, SCHICKEL, SORENSON
        & POSGAY, P.A.

        */s/ David Milton*

        CHARLES A. SORENSON, ESQUIRE
        Florida Bar No. 0202606
        CAS@cokerlaw.com
        DAVID M. MILTON, ESQUIRE
        DMM@cokerlaw.com
        Florida Bar No. 0059344
        136 East Bay Street
        Jacksonville, Florida 32202
        (904) 356-6071
        (904) 353-2425 facsimile
        Attorneys for Plaintiff